**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FRANKLIN OMAR RODRIGUEZ, | : | PRISONER CASE NO. |
| Plaintiff, | : | 3:20-cv-23 (JCH) |
| | : | |
| v. | : | |
| | : | |
| STAMFORD POLICE DEPARTMENT, et al., | : | OCTOBER 6, 2021 |
| Defendants. | : | |

**RULING ON MOTION FOR SUMMARY JUDGMENT (Doc. No. 35)**

The plaintiff, Franklin Omar Rodriguez ("Rodriguez"), brought this action

asserting a Fourth Amendment claim for failure to intervene to prevent the use of

excessive force against Officer Vidal.  He also brought Fourth Amendment claims for

the use of excessive force or failure to intervene to prevent the use of excessive force

against four John Doe officers.  As Rodriguez never identified the four John Doe

Officers, the only officer who has been served and appeared is Officer Vidal.  Before the

court is Officer Vidal's Motion for Summary Judgment.  For the following reasons, the

Motion is granted.

I.      **STANDARD OF REVIEW**

A motion for summary judgment may be granted only where there is no genuine

dispute as to any material fact and the moving party is entitled to judgment as a matter

of law.  Fed. R. Civ. P. 56(a); see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,

875 F.3d 107, 113-14 (2d Cir. 2017).  "A genuine issue of material fact exists if 'the

evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"

Nick's Garage, 875 F.3d at 113-14 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986)).  Which facts are material is determined by the substantive law.

Anderson, 477 U.S. at 248.  "The same standard applies whether summary judgment is

granted on the merits or on an affirmative defense."  Giordano v. Market Am., Inc., 599

F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its

motion and identifying the admissible evidence it believes demonstrates the absence of

a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party meets this burden, the nonmoving party must set forth specific

facts showing that there is a genuine issue for trial.  Wright v. Goord, 554 F.3d 255, 266

(2d Cir. 2009).  He cannot "'rely on conclusory allegations or unsubstantiated

speculation' but 'must come forward with specific evidence demonstrating the existence

of a genuine dispute of material fact.'"  Robinson v. Concentra Health Servs., 781 F.3d

42, 44 (2d Cir. 2015) (citation omitted).  To defeat a motion for summary judgment, the

nonmoving party must present such evidence as would allow a reasonable jury to find in

his favor.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented party's papers "liberally"

and "interpret [them] . . . to raise the strongest arguments that they suggest," Willey v.

Kirkpatrick, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotations and citations omitted),

"unsupported allegations do not create a material issue of fact" and do not overcome a

properly supported motion for summary judgment.  Weinstock v. Columbia Univ., 224

F.3d 33, 41 (2d Cir. 2000).

II.     **FACTS**[1]

On January 13, 2017, Officer Vidal was a patrol officer working in the Narcotics and Organized Crime Unit of the Stamford Police Department ("SPD").  Defendant's Local Rule 56(a)1 Statement at ¶ 1 ("Def's. 56 Stmt") (Doc. No. 35-1).

That day, the SPD received information from a concerned citizen that a Hispanic man named "Omar" was selling powdered cocaine at several Latin bars in Stamford.  Id. at ¶ 2.  The citizen also provided Omar's cell phone number.  Id.  Officer Vidal discovered that the cell phone number was registered to Omar Rodriguez, later identified as Franklin Omar Rodriguez.  Id. at ¶ 3.

At 8:30 p.m. that night, Vidal, who is fluent in Spanish, sent text messages to the cell phone number to try to arrange a sale of powdered cocaine.  Id. at ¶¶ 4-5.  Officer Vidal arranged to meet Rodriguez near the Bachata Restaurant on East Main Street in Stamford.  Id. at ¶ 6.

At that time, Officer Vidal was working in an undercover capacity.  Id. at ¶ 7. According to Rodriguez's directions, Officer Vidal parked on Lafayette Street opposite

---

[1] The facts are taken from Officer Vidal's Local Rule 56(a) Statement and the exhibits submitted by both parties.  Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement that contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party.  Each admission or denial must include a citation to an affidavit or other admissible evidence.  In addition, the opposing party must submit a list of disputed factual issues.  See D. Conn. L. Civ. R. 56(a)2 and 56(a)3.

Although Rodriguez was informed of the need to respond to the Motion for Summary Judgment and the contents of a proper response, see Notice to Self-Represented Litigant Concerning Motion for Summary Judgment (Doc. No. 40), he has not submitted a Local Rule 56(a)2 Statement with his opposition papers.  Accordingly, the defendant's facts are deemed admitted.  See D. Conn. L. Civ. R. 56(a)1 ("[a]ll material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2.").

the restaurant.  Id. at ¶ 8.  Other members of the Narcotics and Organized Crime Unit conducted surveillance of the area.  Id. at ¶ 9.  These members included Officers M. Connelly, Alvarez, Pennoyer, Linnehan, and Jentz, as well as Sergeants O'Brien and R. Connelly.  Id.

After Officer Vidal parked, Rodriguez texted that he was parked in a gray car and that Officer Vidal should walk over to Rodriguez's car.  Id. at ¶ 10.  Officer Vidal walked to the car, opened the passenger door, and greeted Rodriguez from outside the car.  Id. at ¶¶ 11-12.  Officer Vidal said that he left his wallet in his car and walked back to his vehicle.  Id. at ¶ 13.

A few seconds later, four men approached Rodriguez's car, two on each side. Id. at ¶ 14.  The two men on the driver's side of the car told Rodriguez to get out of the car with his hands up.  Id. at ¶ 15.  Although Rodriguez stated that the officers did not identify themselves as police officers, he conceded in his Amended Complaint that he knew what was happening.  Id. at ¶ 16.

Officer Vidal was not a supervising officer on January 13, 2017.  Id. at ¶ 17.  As an undercover officer, he followed procedures and removed himself from the arrest scene, remaining in a safe area until the arrest was concluded.  Id. at ¶ 18.  He did not observe, and could not hear, what happened during the arrest.  Id. at ¶ 19.  Following the arrest, other officers told him what occurred, and he included their descriptions in his report.  Id. at ¶ 20.

Rodriguez was arrested and charged with sale of narcotics, possession of narcotics with intent to sell, and interfering with police/resisting arrest.  Id. at ¶ 21.  He

4

pleaded guilty to all charges, including interfering with police/resisting arrest.  Id. at ¶ 22.

## III.     DISCUSSION

Rodriguez listed five John Doe officers as parties in his Amended Complaint.

Because he stated in the body of the Amended Complaint that Officer Vidal was present

during his arrest, the court concluded that Rodriguez intended Officer Vidal as one of

the John Doe officers.  Although Rodriguez did not file his Amended Complaint until

after the limitations period had expired, the court determined that the claims "related

back" to the Complaint as the requirements under Federal Rule 15(c)(1) (B) and (C)

were met.  Initial Review Order at 6 (Doc. No. 12).

The remaining claims in this case are Fourth Amendment claims for use of

excessive force and failure to intervene against the Doe defendants and failure to

intervene against Officer Vidal.

### A.     Officer Vidal

Rodriguez contends that Officer Vidal failed to intervene to protect him from

harm.  "A police officer is under a duty to intercede and prevent fellow officers from

subjecting a citizen to excessive force, and may be held liable for his failure to do so if

he observes the use of force and has sufficient time to prevent it."  Figueroa v. Mazza,

825 F.3d 89, 106 (2d Cir. 2016) (citation omitted).  The theory underlying the claim is

that, by failing to intervene, the officer becomes a "tacit collaborator" in the illegal

conduct.  Id.  Thus, for Rodriguez to succeed on this claim, he must present evidence

showing that Officer Vidal had "'a realistic opportunity to intervene to prevent the harm

from occurring.'"  Felix v. City of New York, 408 F. Supp. 3d 304, 312 (S.D.N.Y. 2019)

(quoting <u>Anderson v. Branen</u>, 17 F.3d 552, 557 (2d Cir. 1994)).

Rodriguez can do this by establishing three elements: (1) Officer Vidal had actual knowledge that excessive force was being used by another person; (2) Officer Vidal "had a realistic opportunity to intervene and prevent" the use of excessive force; and (3) Officer Vidal "nonetheless disregarded that risk by intentionally refusing or failing to take reasonable measures to end the use of excessive force." <u>Hamilton v. Robinson</u>, No. 6:12-cv-06449(MAT), 2018 WL 4334769, at *7 (W.D.N.Y. Sept. 11, 2018) (citing <u>Curley v. Vill. of Suffern</u>, 268 F.3d 65, 72 (2d Cir. 2001)). The court must consider both the duration of the use of excessive force and the defendant's presence and proximity in determining if he had sufficient time to act. <u>See</u> <u>Merrill v. Schell</u>, 279 F. Supp. 3d 438, 444 (W.D.N.Y. 2017) (officer must observe the use of force and have sufficient time to act).

Officer Vidal has provided his Affidavit stating that, in accordance with undercover protocol, when the officers approached Rodriguez's car to arrest him, he left the scene and remained in a safe area while the arrest was occurring. He neither saw nor could hear the incident. Vidal Aff. at ¶¶ 20, 22 (Doc. No. 35-2).

In his Verified Amended Complaint, Rodriguez states that Officer Vidal left to get his wallet just before the Doe officers approached his car. Am. Compl. At 7 (Doc. No. 11). He does not state that Officer Vidal was present when force was used, only that following the incident Vidal was at the scene and was standing next to Rodriguez. <u>Id.</u> at 9.

Rodriguez submits a document styled as an Affidavit in Opposition to the Motion

6

for Summary Judgment.  However, as the document is neither sworn nor signed, it is

not admissible evidence that can be used in opposition to a motion for summary

judgment.  See Aff. of Franklin Rodriguez at 3-5 (Doc. No. 46).  Even if it were,

Rodriguez states only that Officer Vidal was standing on the sidewalk when the officers

approached the car, but Rodriguez does not know where Vidal was during the search.

As the use of force occurred after the search, these statements do not show that Officer

Vidal knew excessive force was being used or had time to intervene.

Rodriguez also submits, as Exhibit 2, a page from Officer Vidal's Report of the

incident.  Doc. No. 46 at 22.  Officer Vidal specifically states that he observed Rodriguez

moving around inside the vehicle as Officer Vidal was stepping away.  The remainder of

the description of the incident is written in the third person, not contradicting Officer

Vidal's statement that he did not personally observe the events.  Further, Rodriguez

concedes in his Memorandum in Opposition: "Officer Vidal did not have the ability to

take reasonable steps to try to stop the use of force by his colleagues."  Pl.'s Mem. in

Resp. to a Mot. for Summ. J. at 9 ("Pl.'s Mem.") (Doc. No. 46).

Rodriguez has submitted no admissible evidence showing that Officer Vidal knew

that excessive force was being used against him and had an opportunity to intervene to

prevent the use of force.  Accordingly, the Motion for Summary Judgment is granted as

to the failure to intervene claim.

B.    Doe Defendants

The remaining four defendants are named only as John Doe.  Officer Vidal

moves for summary judgment on the claims against the Doe officers because no officer

has been identified or served and the statute of limitations has expired.  In response,

Rodriguez states that he identified the Doe officers in his request to depose dated

August 28, 2020.  Pl.'s Mem. at 9.  That request sought to depose eight persons:

Officers Vidal, M. Connelly, Alvarez, Pennoyer, Linnehan, and Jentz and Sergeants

O'Brien and Connelly.  Request to Depose Defs. (Doc. No. 22).  Although Rodriguez

described all eight as defendants, there are only five defendants in this case.

Rodriguez did not indicate which of the seven persons, other than Vidal, are the John

Doe officers described in the Amended Complaint, i.e., the four officers who

approached his car.  Nor has he sought leave to file a Second Amended Complaint to

add any of the seven as defendants.

Furthermore, the officers' names were provided too late.  The incident underlying

the claims occurred on January 13, 2017.  As the court explained in the Initial Review

Order, the three-year limitations period expired on January 13, 2020, seven days after

Rodriguez filed this action.  Because Rodriguez initially named only the SPD as a

defendant, the court permitted him to file an Amended Complaint naming the officers

involved and determined that the Amended Complaint, filed on March 13, 2020, would

relate back to the date the Complaint was filed as long as service was effected by June

5, 2020.  Initial Review Order at 4-6.

Identifying persons named as John Does, however, is a different matter.  The

general rule is that "'John Doe' pleadings cannot be used to circumvent statutes of

limitations because replacing a 'John Doe' with a named party in effect constitutes a

change in the party sued."  Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (quoting

8

<u>Aslanidis v. United States Lines, Inc.</u>, 7 F.3d 1067, 1075 (2d Cir. 1993)) (internal quotation marks omitted).  Rodriguez may substitute a party's name for John Doe "only if [the] amended complaint relates back to the date of the original filing" under Federal Rule of Civil Procedure 15(c).  <u>Id.</u> at 518.  As Rodriguez never amended his complaint to identify any John Doe defendant, the court has not previously had an opportunity to address this issue.

Rodriguez's claims against the Doe officers are timely only if he would now be permitted to file a second amended complaint that relates back to the Amended Complaint.  Before a claim will relate back, Rule 15(c) requires, <u>inter alia</u>, that the new party should have known that, but for a <u>mistake</u> concerning the proper party's identify, the original action would have been brought against him.  Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added).

The Second Circuit addressed this requirement in <u>Barrow v. Wethersfield Police Dep't</u>, 66 F.3d 466 (2d Cir. 1995).  The court explained that such a mistake occurs where a plaintiff names, for example, the police department rather than individual officers.  <u>Id.</u> at 469.  However, where the plaintiff knows who the proper party is, just not his name, there is no mistake regarding identity that will permit relation back under Rule 15(c).  <u>See</u> <u>Hogan</u>, 738 F.3d at 518 ("This Court's interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'").  Thus, amendment to add the Does' names must be done within the limitations period.  <u>Id.</u> at 517.

At the time he filed his Amended Complaint in March 2020, Rodriguez knew the

9

John Doe officers he intended to sue.  He clearly described the officers as the four officers who approached his car to arrest him.  Thus, Rodriguez was not mistaken about the identity of the proper officer defendants; he simply did not know their names.  As he was not mistaken about the need to name the officers who arrested and allegedly used force against him as defendants, Rodriguez was not mistaken about the identity of the proper defendant as required under Rule 15(c).  See Barrow, 66 F.3d at 470 (Rule 15(c) does not permit relation back where the "plaintiff knows that [the] defendants must be named").  "[A] plaintiff who 'believe[s] that there exist[s] individual defendants who [are] potentially liable for his injuries, but [who does] not know their exact identities' and who waits until after the expiration of the limitations period to remedy this lack of knowledge (by naming a specific individual as a defendant), will find his claim time-barred."  Abreu v. City of New York, 657 F. Supp. 2d 357, 363 (E.D.N.Y. 2009) (quoting Malesko v. Correctional Servs. Corp., 229 F.3d 374, 383 (2d Cir. 2000), rev'd on other grounds by 534 U.S. 61 (2001)).  Thus, if Rodriguez had sought to file a Second Amended Complaint to name the Doe officers, it would have been dismissed as time-barred.

The Motion for Summary Judgment is therefore granted as to all claims against the John Doe officers.  See, e.g., Columna v. City of New York, No. 1:19-CV-03801(MKV), 2020 WL 5018199, at *4 (S.D.N.Y. Aug. 25, 2020) (dismissing as untimely claims against two defendants added to the case in place of John Doe defendants because plaintiff commenced lawsuit on last day of limitations period and did not provide himself any time to identify John Doe defendants); Moran v. County of Suffolk, No. 11 Civ. 3704(PKC)(GRB), 2015 WL 1321685, at *4 (E.D.N.Y. Mar. 24, 2015)

10

(dismissing claim where plaintiff did not amend complaint to substitute party's name for John Doe defendant within limitations period); <u>Tuminello v. Doe</u>, No. 10 CV 1950(DRH)(ARL), 2013 WL 1845532, at *4-5 (E.D.N.Y. Apr. 30, 2013) (dismissing claims against Doe defendants where plaintiff did not seek to amend his complaint within the limitations period).

IV.     CONCLUSION

The defendant's Motion for Summary Judgment (**Doc. No. 35**) is **GRANTED**. The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 6th day of October 2021 at New Haven, Connecticut.


                                        /s/ Janet C. Hall
                                        Janet C. Hall
                                        United States District Judge

11